**RICHARD G. VENTO, et al., Petitioners**

**v.**

**UNITED STATES OF AMERICA, Respondents**

Civ. 2005-167 and 2005-178

District Court of the Virgin Islands

Division of St. Thomas and St. John

March 7, 2007

BARNARD, *United States Magistrate Judge*

## MEMORANDUM OPINION AND ORDER

(March 7, 2007)

THIS MATTER is before the Court on the plaintiff's Petition to Quash IRS Third-Party Summons and the defendant's response and Counterclaim for Petition to Enforce Internal Revenue Summons. The parties also presented briefs addressing the appropriateness of discovery in the above-captioned petitions.

The respondents issued a third-party Internal Revenue summons upon Red Hook Mail Services Inc. on October 6, 2005, and on the president of Commercial Security Services Ltd., Inc. on October 12, 2005, pursuant to a tax investigation of the federal tax liabilities of the petitioners for the 2001 tax year. Respondents rely on 26 U.S.C. §§ 7402(b), 7604(a), and 7609(b) as their foundation and authorization to pursue the investigation. The petitioners then filed a petition to quash said summonses, pursuant to Section 7609 of the Internal Revenue Code, asserting that 26 U.S.C.

§ 932(c) precludes the Internal Revenue Service (IRS) from investigating Virgin Islands residents.

26 U.S.C. § 932(c) addresses Virgin Islands residents and the effects of the tax laws on said residents. That statute summarily states that a bona fide resident of the Virgin Islands must report all income from all sources and make said filing and payment into the Virgin Islands Treasury.

█ The petitioners participated in certain real estate transactions that caused the IRS to launch an investigation[1] to confirm whether or not their taxable income was reported accurately in regard to amount and state. Notwithstanding those transactions and the IRS claims, the petitioners affirm that they are bonafide Virgin Islands residents. It appears to this Court, that the only means of investigating the issue is through the use of the sought after summons, so as to ascertain whether or not the petitioners are in fact bona fide residents of the Virgin Islands. Contrary to the petitioners' position that 26 U.S.C. § 932(c) prohibits an investigation, that particular statute, alongside 26 U.S.C. § 7602, is the only vehicle that can be used to ascertain whether or not the petitioners fulfilled their obligations. Further, in *Government of the Virgin Islands v. O'Brien, et al.*, 21 V.I. 549 (1985), the Court emphasized the powers of the IRS in relation to investigating local residents who they believe has [sic] not satisfied his or her U.S. tax obligations by filing locally. *See also WIT Equipment Company, Inc. v. Director, Virgin Islands Bureau of Internal Revenue*, 185 F. Supp. 2d 500 (D.V.I. 2001).

Accordingly, the petitioners' Motion to Quash IRS Third-Party Summons is DENIED. The parties are expected to fully comply with the summons within twenty (20) days of this order.

---

[1] *See* United States' Response to Petition to Quash IRS Third-Party Summons and Counterclaim for Petition to Enforce Internal Revenue Summons.